UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

SBA Towers II, LLC

   v.                                                               Civil No. 07-cv-209-JM

Town of Atkinson,
New Hampshire

**O R D E R**

Plaintiff SBA Towers II, LLC ("SBA") brought this action under § 704 of the Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7)(B) ("TCA"), against the Town of Atkinson, New Hampshire ("Town"), seeking authorization to install three "flush mounted" wireless telecommunications antennas on an existing wireless telecommunications tower located in a rural residential zone of the Town.  The tower is a non-conforming use of the land and, therefore, any expansion of it requires a special exception from the Town's Zoning Board of Adjustment ("ZBA").  The ZBA denied an application for a special exception to install the three antennas on March 30, 2007, and affirmed that denial on June 28, 2007. After the second denial, plaintiff commenced this action, claiming the decision effectively prohibits plaintiff from

providing personal wireless services ("PWS") to its customers, in violation of 47 U.S.C. § 332(c)(7)(B)(i)(II), and is not supported by substantial evidence, in violation of 47 U.S.C. § 332(c)(7)(B)(iii).  Currently before the court is defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (document no. 11).  For the reasons set forth below, defendant's motion is denied.

### Discussison

**1.  Standard of Review**

Defendant moves to dismiss the complaint for lack of personal jurisdiction and for failure to state a claim.  See Fed. R. Civ. P. 12(b)(2) & 12(b)(6).  Because defendant filed an answer, the motion to dismiss should have been made as a motion for judgment on the pleadings and will be so treated.  See Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made *before* pleading if a responsive pleading is allowed." (emphasis added)); Fed. R. Civ. P. 12(c) (allowing a party to move for judgment on the pleadings after the pleadings are closed); see also Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006) (treating a motion to dismiss as a motion for judgment on the pleadings because the complaint had been

answered). A Rule 12(c) motion for judgment on the pleadings is analyzed like a Rule 12(b)(6) motion to dismiss, requiring the facts to be viewed and all inferences to be drawn in the light most favorable to the non-moving party, which is plaintiff here. See id. Unlike a Rule 12(b) motion, however, a Rule 12(c) motion considers the pleadings as a whole, not just the facts asserted in the complaint. See id. (citing 5C Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 1368 (3d ed. 2004)). The motion may be granted only if the uncontested facts conclusively establish judgment in favor of the movant. See id. (citing precedent).

"'The court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice.'" Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (quoting R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006)). The court may draw upon properly authenticated documents annexed to the pleadings and effectively merge them into the pleadings. See Curran, 509 F.3d at 44 n.5 (considering exhibits attached to the defendants' answer); see also Aponte-Torres, 445 F.3d at 55 (allowing court to consider facts outside the complaint that may

be fairly incorporated into it); see also R.G. Fin. Corp., 446 F.3d at 182-83 (dismissing counterclaim after taking judicial notice of a previous judgment authorizing foreclosure).  Thus, judgment on the pleadings is only appropriate when, considering all the facts presented in the pleadings as a whole, it is clear plaintiff cannot prevail on the claims asserted.  See id.

### 2. Defendant's Arguments

In support of its motion, defendant argues that the use of the tower at issue here is governed by a stipulation between plaintiff's predecessor-in-interest and the Town, entered into on January 22, 1985, see Atkinson v. Hoyt, No. E-172-82 (Rockingham County New Hampshire Superior Court), and amended on October 21, 2005, see Atkinson v. Signal Tower, No. 04-E-0140 (Rockingham County New Hampshire Superior Court) (hereinafter referred to as "Stipulation" and "Addendum," respectively).  The Stipulation resolved a pending lawsuit about the use of the property for a "needle tower," and provided that the conditions were binding on the then landowners, "their assigns, successors, and heirs," and were covenants which ran with the land.  See Stipulation, ¶¶ 1, 3-5.  The Addendum provided that "any proposed changes to the use of the needle tower . . . must be . . . submitted to Atkinson's

Board of Selectmen for approval," and that in the event the parties could not agree "upon potential future changes of the use of the needle tower," they were to seek clarification in the Rockingham County Superior Court. See Addendum, ¶¶ 7 & 8. Defendant contends that these two state court judgments eliminate this court's jurisdiction to consider the complaint, citing the Full Faith and Credit Act ("FFCA"), 28 U.S.C. § 1738.  It claims that plaintiff is inappropriately seeking reversal of the Stipulation and Addendum, not seeking review of a governmental regulation as contemplated by the TCA. See 47 U.S.C. § 332(c)(7)(v).

Specifically, defendant submits that the issue of how the needle tower can be used has been litigated previously in state court, which precludes plaintiff from relitigating the same issue here, under the doctrines of res judicata, collateral estoppel and Rooker-Feldman, and the principles of comity and abstention. Defendant also submits that plaintiff lacks standing to challenge the ZBA's decision.  Finally, defendant contends that plaintiff did not properly exhaust his state court remedies before bringing its claim here.  As explained below, none of defendant's arguments withstands analysis.

The pleadings demonstrate that plaintiff is not seeking review of either the Stipulation or the Addendum here, but instead is adhering to the Addendum's provision that "any and all proposed changes to the use of the needle tower . . . must be consistent with the Stipulation . . . and this Addendum and abiding by and in accordance with all applicable Federal, State, and Local laws and ordinances."  Addendum, ¶ 9.  According to the complaint, plaintiff's predecessor-in-interest, Mariner Tower, LLP ("Mariner"), first went to the Board of Selectmen seeking approval to install the flush mounted antennas that are at issue here.  See Compl., ¶ 20.  The decision to first approach the Town for approval was consistent with the Addendum provision that "the Stipulation . . . and this Addendum may be amended by agreement of the [current tower owner] . . . and the Town of Atkinson through its Board of Selectmen, with the agreed upon Addendum being approved by the Rockingham Counter Superior Court."  Addendum, ¶ 7.  The Complaint further alleges that the Board of Selectmen directed Mariner to go to the ZBA to obtain the requisite special exception before the Board would decide whether or not to approve the proposal, which Mariner did when it filed an application for a special exception on December 22, 2006.  See

Compl., ¶¶ 20 & 21.

By following the Board of Selectmen's directive to first obtain a ruling from the ZBA, Mariner was actually upholding the terms of the Addendum to reach an agreement with the Board regarding proposed changes. See Compl. ¶ 22; see also Addendum ¶¶ 7-9. Plaintiff's decision to seek review of the ZBA's denial of the application for a special exception was simply the next step in attempting to make a change to the use of the tower that would be "abiding by and in accordance with" all applicable law. See Addendum, ¶ 9. Once plaintiff has a definitive answer about whether or not the proposed changes are consistent with governing law, it can return to the Board of Selectmen to obtain their approval, as required by the Addendum. See id. ¶ 8. Accepting as true the facts presented in the pleadings, plaintiff is here seeking review of a final decision of the ZBA, not to change the terms of the Stipulation or Addendum. Accordingly, the principles derived from the full faith and credit clause, U.S. Const. Art. IV, Sec. 1, and statute, 28 U.S.C. § 1738, including res judicata, collateral estoppel, comity and abstention, are not implicated here.

Defendant also argues this court lacks jurisdiction over the

complaint because plaintiff does not have standing to assert its claim and failed to exhaust its administrative remedies. Neither argument is persuasive. With respect to the standing argument, defendant states:

> Plaintiff purchased the property from "Mariner" on June 4, 2007 while the matter was pending before the Zoning Board. However, the application was never amended to include Plaintiff, nor does Plaintiff appear as an interested party in any of the Town proceedings and therefore has no standing to bring this complaint.

Def.'s Mot. to Dismiss at 10. According to the complaint, SBA purchased the subject tower from Mariner while Mariner was pursuing its special exception application before the ZBA, and, pursuant to the purchase agreement, Mariner prosecuted that application on behalf of SBA. See Compl. ¶ 3. The terms and conditions of the Stipulation and Addendum apply with equal force to SBA, as Mariner's successor. Accepting these facts as true as I must at this preliminary stage of review, SBA, as the current owner of the property, stands in Mariner's shoes as the real party in interest aggrieved by the ZBA's decision to deny the application for a special exception. Under these circumstances, the complaint presents a live controversy in which plaintiff has a direct stake and which will be resolved by the pending action,

to satisfy the constitutional requirement of standing.  See, United Seniors Ass'n, Inc. v. Philip Morris USA, 500 F.3d 19, 23 (1st Cir. 2007) (stating elements of standing).

Finally, the pleadings demonstrate that plaintiff obtained a final decision on the special exception application as required before it could seek review of that decision here.  See 47 U.S.C. § 332(c)(7)(v) (allowing "any person adversely affected by any final action . . . by a . . . local government . . . to commence an action in any court of competent jurisdiction."); see also N.H. Rev. Stat. Ann. ("RSA") § 677:4 (allowing appeals from adverse zoning decisions to the superior court)[1].  All plaintiff needed to commence this action was a final action by the ZBA. See Sprint Spectrum L.P. v. City of Carmel, 361 F.3d 998, 1002–04 (7th Cir. 2004) (following Williamson County Reg'l Planning

---

[1] Under New Hampshire law, parties aggrieved by a zoning board's decision may seek review pursuant to three statutes which work in tandem:  RSA §§ 677:2, 677:3 and 677:4.  RSA § 677:2 sets forth the procedures for seeking a rehearing of any matter resolved by a zoning board's decision; RSA § 677:3 provides the details of what the motion for rehearing must include and how the zoning board must respond to it; and RSA § 677:4 allows for an appeal from a decision on a motion for rehearing to the superior court. "Final administrative action" is determined by RSA 677:3, which provides that no basis for a decision can be appealed to a court unless and until it has been challenged in a motion for rehearing before the local zoning authority.

9

Comm'n v. Hamilton Bank, 473 U.S. 172 (1985), to determine when a case arises under § 332(c)(7)).  "[T]he term 'final action' means 'final administrative action at the State or local government level so that a party can commence action under the [TCA] rather than waiting for the exhaustion of any independent State court remedy otherwise required.'"  Id. at 1004  (quoting H.R. Conf. Rep. No. 104-458, at 9 (1996), reprinted in 1996 U.S.C.C.A.N. 124, 223).  Based on the pleadings, the ZBA issued its denial on March 30, 2007; Mariner moved to reconsider that decision on April 19, 2007; the ZBA held a rehearing on June 13, 2007, and again denied the application on June 28, 2007.  See Compl. ¶¶ 27-31.  Accordingly, the June 28, 2007, denial on reconsideration was the final administrative action from which an appeal could be taken.  See RSA §§ 677: 3 & 4 (setting forth procedures before an appeal can be taken); see also 47 U.S.C. § 332(c)(7)(B)(v) (allowing appeals from final administrative action).

This statutory framework for when and where plaintiff could appeal the ZBA's June 28, 2007, final denial is not altered by the Stipulation and Addendum.  Those documents do not control the process of obtaining a special exception under the local zoning ordinance, which is the basis of the instant litigation.  See

10

Buxton v. Exeter, 117 N.H. 27, 29 (1977) (ZBA's power to grant special exceptions cannot be transferred to board of selectmen by stipulation). They, instead, require the parties to seek clarification of any disputes and approval of any agreements about future amendments from the Rockingham County Superior Court. See Addendum, ¶¶ 7 & 8. Plaintiff and defendant are neither in a dispute, nor have they reached an agreement, about the proposed changes to the needle tower. In its current posture, plaintiff is following the directive of the Board of Selectmen to ensure that its potential future amendment is consistent with governing law. See Second Generation Props. v. Pelham, 313 F.3d 620 (1st Cir. 2002) ("The TCA preserves state and local authority over the siting and construction of wireless communication facilities subject to five exceptions specified in the Act."). Depending on the outcome here, plaintiff may or may not change its proposed amendment to make it conform to the zoning regulations before approval is sought from the Town and, subsequently, the Rockingham County Superior Court. Nothing in this action prevents that agreed upon course from being followed.

Accordingly, plaintiff's motion for judgment on the pleadings (document no. 11) is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge


Date:  August 28, 2008

cc:   Steven E. Grill, Esq.
      Leigh S. Willey, Esq.
      Sumner F. Kalman, Esq.
      Thea S. Valvanis, Esq.